**Robert Keno JEFFLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–96–00008–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 26, 1996.

Decided Jan. 16, 1997.

Leon Pesek, Jr., Brock & Pesek, L.L.P., New Boston, for appellant.

Randal Lee, Criminal District Attorney, Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Robert Keno Jeffley was tried by a jury for the offenses of attempted murder and burglary of a habitation with intent to commit murder, was convicted of attempted murder, and appeals. Jeffley contends that (1) the trial court erred in failing to instruct the jury on his insanity defense and (2) the evidence was insufficient to support the verdict.

Evidence was introduced to show the following: Either late on the night of June 11 or in the early morning hours of June 12, 1995, Gloria Zachery, Jeffley's common law wife, was in her home with their son, Cortez, and Thomas Brown, a friend of Zachery. About midnight, Zachery investigated a sound at the front door. As she looked through the front door window, Jeffley shot her in the face with a shotgun. He then entered the house with two guns and threatened Thomas Brown, who pushed the barrel of the gun away and ran from the house. Jeffley shot at Brown and missed. Jeffley then took Cortez to the home of one of Jeffley's friends.

Jeffley was arrested the next morning. Jeffley, his mother, and another witness testified that before the time of the shooting

Jeffley was upset because Zachery would not allow him to see Cortez. Jeffley testified that he did not recall the shooting, but that when he awoke the morning of June 13 he had not expected to see Cortez there with him.

■ Jeffley requested a jury instruction on the insanity defense, and the trial court denied the request. If the evidence from any source raised the issue of a defensive theory, it must be included in the court's charge. *Gibson v. State,* 726 S.W.2d 129, 132 (Tex. Crim.App.1987) (op. on reh'g). Failure to do so is reversible error. *McKenzie v. State,* 521 S.W.2d 637 (Tex.Crim.App.1975).

■ "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong." TEXAS PENAL CODE ANN. § 8.01(a) (Vernon 1994). Jeffley contends that the insanity defense was raised by his testimony that he was upset and nervous, that he could not remember the events surrounding the charge, and, according to the psychologist's hypothetical testimony, that loss of memory was a possible result of insanity. The State contends there is no evidence that the defendant did not know his conduct was wrong or that he had any mental disease or defect as required under Section 8.01(a) of the Penal Code.

■ Lay opinion testimony, when considered with facts and circumstances concerning an accused and the offense, may suffice to raise the issue of insanity. *Pacheco v. State,* 757 S.W.2d 729, 736 (Tex.Crim.App.1988). Jeffley's mother and Clariece Watson testified that Jeffley was upset at the time of the incident. His mother testified that on the evening of the shooting, she told Jeffley he would not be able to see his son. Jeffley stopped, threw up his hands, turned and went out the door. When she followed, calling him, he did not answer. She said his behavior surprised her. Clariece Watson testified that when she saw Jeffley after the shooting, he acted strange—like he was up-

set. She testified that she and Jeffley discussed the shooting of the victim and sleeping arrangements for Jeffley's son and that Jeffley was nervous.

■ Being upset and nervous under these circumstances was not inconsistent with sanity. A defendant's nervousness is insufficient to show insanity. *Love v. State,* 909 S.W.2d 930 (Tex.App.—El Paso 1995, pet. ref'd).

■ Jeffley testified that his last memory is being at his mother's home, and his next independent recollection is waking up in Marshall with his son the next day. Jeffley is attempting to use loss of memory to establish insanity at the time of the offense. Loss of memory, however, is insufficient to show insanity.[1] *Cato v. State,* 534 S.W.2d 135 (Tex.Crim.App.1976). Jeffley also contends that his position is supported by expert testimony.

Dr. Rafael Otero, a clinical psychologist, testified in part to questions propounded by Jeffley's attorney as follows:

Q. And the questions I have to ask you, Doctor, wouldn't necessarily reflect the facts in this case, but more hypotheticals I would like to ask you. Doctor Otero, based on your experience as a psychologist, and your training, is it *possible* that after a particular traumatic event a person may suffer loss of memory?

A. Yes, that is *possible.*

Q. And that can occur in car accidents, or particular acts of violence?

A. Yes, it can.

Q. And when they suffer this loss of memory, is it true that the person will have no independent recollection of what happened during that time frame?

A. That depends on the personality characteristics. Some persons will not have any memory, some other persons will have some memory of events. It depends on the person.

---

1. Loss of memory alone is insufficient even to show incompetency. *Jackson v. State,* 548

S.W.2d 685 (Tex.Crim.App.1977).

Q. Would a situation where a person is involved in a shooting where other persons may or may not have been shot, be considered in psychology, a traumatic event?

A. That experience can be considered to be a traumatic event, yes.

Q. Is it also *possible* that a person can also become so upset over a certain circumstance or an event that they may lose complete control of their mental faculties, the result that they may not know that what they are doing is wrong?

A. That situation is *possible.*

Q. Is it also possible in that event, if that situation..let's continue on the part if that situation before the jury, let's say there is a traumatic..or they have become so upset that they have lost control that they don't know their action is wrong, is it also possible that one of those side effects may be that the person suffers loss of memory?

A. It is possible that they do not remember.

Q. Going on, building on that, is it also *possible* that the loss of memory brought on by such a traumatic event or a situation where someone has lost use of mental faculties, that they don't know their action is wrong, that loss of memory set in sometime later, or after some period of delay?

A. That is *possible* for some individuals. That is called a dissocative (sic) process, and it can happen later on.

(Emphasis added.)

On redirect examination, the psychological expert testified that his examination of Jeffley revealed no indication of psychosis or other symptom of mental illness, that he believed Jeffley to be sane, that there was nothing to suggest that he was not sane at the time the offense occurred, and that there was no basis for his lack of memory.

The insanity defense is submitted to the jury only if supported by competent evidence. TEX.CODE CRIM. PROC. ANN. art. 46.03, § 1(a) (Vernon Supp.1997). Jeffley contends that Dr. Otero's responses to the hypothetical questions provided a theory under which a jury could conclude that Jeffley's state of being upset about not being able to see his son could have caused loss of control so that he did not know his acts were wrong and that consequently he lost his memory about the shooting.

In *Cato v. State,* 534 S.W.2d at 138, the defendant testified that the last thing he remembered about the events that occurred before the strangling of his wife was that he was arguing with her, that she was yelling at him, and that she struck him. The next thing he remembered was that the victim had either a wire, cord, or belt tied around her neck. The Court of Criminal Appeals held that no insanity instruction was required under this testimony.

The question is whether in the present case the additional expert testimony of a hypothetical *possibility* is enough to require submission of an insanity instruction. We have found no criminal case directly discussing this issue. Texas Rule of Criminal Evidence 401 provides that relevant evidence demonstrates that a fact is more likely than not or less likely than not. The Texas Supreme Court has determined that proof of mere possibilities in a civil case will not support the submission of an issue to the jury. *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). The burden of proof on the sanity issue in a criminal case is by a preponderance of the evidence, the same as would be required in a civil case. TEX.CRIM. PROC. CODE ANN. art. 46.03, § 1(c) (Vernon Supp. 1997). Testimony that something *could* have occurred amounts to no evidence. *See Duff v. Yelin,* 751 S.W.2d at 176. In the present case, the evidence was not sufficient to require the trial court to submit an instruction on insanity. This point of error is overruled.

■ Jeffley's second point of error is that the evidence was insufficient to support the verdict. We must determine whether the evidence was legally and factually sufficient to support the jury's verdict that Jeffley committed the offense of attempted murder. In determining whether the evidence was legally sufficient, a court of appeals must view the evidence in the light most favorable

to the prosecution and determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Stone v. State*, 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). In reviewing factual sufficiency, we review all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

These are the elements of the offense of attempted murder: 1) a person, 2) with the specific intent to cause the death of another, 3) does an act amounting to more than mere preparation, 4) but fails to effect the death of the other individual. *See* Tex. Penal Code Ann. §§ 15.01(a), 19.02(b) (Vernon 1994); *Palomo v. State*, 925 S.W.2d 329, 332 (Tex. App.—Corpus Christi 1996, no pet.).

The State produced three eyewitnesses to the shooting, all of whom testified that Jeffley shot the victim. Jeffley produced a witness who testified that Jeffley admitted shooting the victim. Viewing the evidence in the light most favorable to the prosecution, we determine that any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. We conclude, therefore, that the evidence was legally sufficient. After reviewing all the evidence, we conclude that the verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The evidence was also factually sufficient to support the verdict of guilt. This point of error is overruled.

The judgment of the trial court is affirmed.