MCGEE V. STATE 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-176-CR

KORIE BERNARD MCGEE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Korie Bernard McGee appeals from his conviction for possession of less than one gram
 of a controlled substance (cocaine).  The jury found Appellant guilty and sentenced him to twenty years’ imprisonment and a fine of $5,000.  In two issues on appeal, Appellant complains that the evidence was factually insufficient to support his conviction and that his trial counsel was ineffective.  We affirm.

Background

On February 24, 2001, Officer Tony Ozuna, a Wichita Falls police officer, stopped Appellant for a traffic violation.  Officer Ozuna arrested Appellant when a warrant check revealed that Appellant had outstanding city warrants.  As part of the arrest procedure, he patted Appellant down; the pat down did not reveal anything unusual.

Officer Ozuna transported Appellant to the Wichita County jail.  At trial, Officer Ozuna testified that while Appellant was in the back seat of the patrol car, Appellant appeared to be “trying to get something out of his pants.”  During the booking process, Officer Ozuna saw Officer Randolph Hipple put his hand into Appellant’s right front pants pocket and withdraw something in a clear plastic bag that contained a white, rock-like substance.  Officer Ozuna performed a field test on the substance, and it field tested positive for cocaine.  Officer Ozuna stated that after he took the cocaine from Appellent he placed it in an evidence locker.  Officer Ozuna also 
proved up State’s exhibits two and three, the property slip for the cocaine and the plastic bag.

On cross-examination, Officer Ozuna said that he did not write Appellant a traffic ticket, that he did not videotape the arrest, that Appellant did not resist arrest, that he searched Appellant for contraband, and that he found no contraband on Appellant until the booking search.

Officer Hipple also testified for the State.  Officer Hipple testified that he was working in the early morning hours of February 24, 2001, and that he remembered seizing a substance from one of the people he booked that evening, but he could not say with certainty whether Appellant was that person.  On cross-examination, Officer Hipple said it was possible that if two people were being booked in simultaneously at the booking area, items of their personal property could be co-mingled.  He also said that on a busy evening like the weekend night of Appellant’s arrest, it was likely that approximately forty people were booked into the jail. 

Sufficiency of the Evidence

In his first issue, Appellant contends that the evidence was factually insufficient to establish his guilt.  
We disagree.

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
 
Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

In our review, we consider the most important evidence that the appellant claims undermines the jury’s verdict.  
Sims v. State,
 No. 1328-1, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. Mar. 12, 2003).  Here, Appellant indicates that the following testimony is the most important evidence of factual insufficiency:  Officer Hipple assumed that he booked in Appellant, but he could not recall having done so; he could not remember Appellant; and he admitted that the confusion of property ownership was a possibility.

Although Officer Hipple could not recall Appellant and admitted the possibility that property could have been confused during the booking process, “[t]estimony that something 
could
 have occurred amounts to no evidence.”  
Jeffley v. State
,
 938 S.W.2d 514, 516 (Tex. App.—Texarkana 1997, no pet.).  Officer Hipple did not testify that comingling had in fact occurred.  Regardless of Officer Hipple’s failure to remember Appellant, Officer Ozuna provided eye-witness testimony of the events that occurred.  Officer Ozuna saw Appellant trying to remove something from his pants pocket while in the squad car, and saw Officer Hipple remove a white, rock-like substance from Appellant’s pants pocket during the booking process, which field tested positive for cocaine. Officer Ozuna placed the cocaine and the plastic bag in an evidence locker.

In addition to this testimony, Bob Wheeler of the Field Crime Laboratory in Midland, Texas, testified that he conducted a chemical analysis on the substance found in Appellant’s pocket and the substance was proved to be cocaine.  
We hold that the proof of Appellant’s guilt is not so weak as to undermine confidence in the 
verdict and is not greatly outweighed by contrary proof.  
Johnson
, 23 S.W.3d at 11.  
We hold that the evidence is factually sufficient to support the jury’s verdict and, accordingly, we overrule Appellant’s first issue.

Ineffective Assistance of Counsel

After hearing all of the evidence, the jury deliberated for forty-seven minutes before returning its guilty verdict.  The punishment phase of trial immediately followed.  Appellant pled true to the enhancement paragraph of the indictment, which accused Appellant of two prior felony convictions.  The State called several witnesses, one of whom, Officer Mickey Fincannon, testified as to a prior unadjudicated offense of Appellant.  
 

In his second issue, Appellant argues that his trial counsel’s performance was ineffective at the punishment phase of trial.  Specifically, Appellant argues that counsel’s failure to object to Officer Fincannon’s testimony, despite a motion in limine, and counsel’s failure to take Officer Fincannon on voir dire constitute ineffective assistance.  Appellant argues that harm is shown in the jury’s speedy verdict and the severity of his sentence.  As a subissue, Appellant contends that the extraneous offense was not proven beyond a reasonable doubt.  
See
 Tex. Code Crim. Proc. Ann. 
art. 37.07(a)(1) (Vernon Supp. 2003).

Officer Fincannon testified that on January 31, 2002, he stopped Appellant for a traffic violation.  When the windows of the car went down, Officer Fincannon smelled the strong odor of marijuana.  Officer Fincannon testified that he knew Appellant, had known him to carry weapons, and wanted to make sure Appellant did not have a weapon easily accessible at that moment, so he initiated a pat down of Appellant.  When he first looked in Appellant’s car, he did not see a weapon.  Officer Fincannon allowed Appellant to sit in his car while the officer went back to his squad car to take care of administrative matters.  When Officer Fincannon re-approached Appellant, he noticed Appellant hiding something in his right hand.  After Officer Fincannon ordered Appellant several times to put his hand where the officer could see it, Appellant moved his hand and Officer Fincannon saw a plastic bag in it.  Officer Fincannon, a former narcotics officer, said that this was a common way to carry a narcotic.  Officer Fincannon told Appellant to give him what was in his hand.  When Appellant failed to do so, Officer Fincannon reached for Appellant’s arm, and Appellant stuck the plastic bag in his mouth and began chewing on it and trying to swallow it.  Officer Fincannon forced Appellant to spit out the bag.  After Officer Fincannon arrested Appellant, the officer conducted a closer search of the car and found a pistol.  The substance in the bag field tested positive for cocaine.  At trial, Officer Fincannon identified Appellant as the person he had stopped that day.

We apply a 
two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, 
Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.
 
 Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065
.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064
.  In other words, Appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068
.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.
 

Article 37.07, section 3(a) permits the admission of evidence of unadjudicated extraneous offenses at punishment hearings.
(footnote: 2)  
See id.
; 
Minor v. State
, 91 S.W.3d 824, 830 (Tex. App.—Fort Worth 2002, pet. filed).  Appellant argues that counsel was ineffective because he failed to object to Officer Fincannon’s testimony despite a motion in limine as to such testimony.  Appellant does not point us to evidence in the record, however, that a motion in limine was in effect, and our review of the record does not show that one was in effect.  Because evidence of unadjudicated offenses is admissible at the punishment phase, and no motion in limine was in effect, counsel’s not objecting to such evidence is not unreasonable.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1).

Appellant further argues that counsel was ineffective by failing to take Officer Fincannon on voir dire.  If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. 
Ortiz v. State,
 93 S.W.3d 79, 89 (Tex. Crim. App. 2002).  Where the record is silent as to counsel's reasons for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably.  
Thompson,
 9 S.W.3d at 814.  Here, counsel's reasons for failing to object to the testimony and his failure to take Officer Fincannon on voir dire do not appear in the appellate record.  
Appellant, therefore, has not shown that
 counsel's assistance was unreasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. 
at 688-89, 104 S. Ct. at 2065.  Appellant has not met the first prong of 
Strickland
; accordingly, we overrule Appellant’s ineffective assistance claim.

In addition, we hold that the evidence was sufficient to prove beyond a reasonable doubt that Appellant committed the unadjudicated offense.  Without providing any argument or record citation, Appellant argues that no evidence existed that he was aware of the presence of the pistol.  The record reflects that Appellant was the driver of the car.  The only other person in the car was a three-year-old child.  The pistol was “sticking right up under the driver’s side console.”  The pistol was positioned in such a manner as to allow the driver easy access to it.  Based on this testimony, the evidence was sufficient to show Appellant’s knowledge of the presence of the pistol.  
See Hazel v. State,
 534 S.W.2d 698, 703 (Tex. Crim. App. 1976) (holding that the evidence was sufficient to show that defendant intentionally, knowingly, or recklessly carried a handgun when the gun was found under defendant's feet, in open view, in an automobile in which he was the only occupant).  We overrule this portion of Appellant’s second issue.

We affirm the trial court’s judgment.

PER CURIAM

PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 24, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Article 37.07, section (3)(a)(1) reads, in part, as follows:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1)
.