COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-176-CR
 
KORIE BERNARD MCGEE           
           
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
        STATE
------------
FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Korie Bernard McGee appeals from
his conviction for possession of less than one gram of a controlled substance
(cocaine). The jury found Appellant guilty and sentenced him to twenty years'
imprisonment and a fine of $5,000. In two issues on appeal, Appellant complains
that the evidence was factually insufficient to support his conviction and that
his trial counsel was ineffective. We affirm.
Background
On February 24, 2001, Officer Tony Ozuna,
a Wichita Falls police officer, stopped Appellant for a traffic violation.
Officer Ozuna arrested Appellant when a warrant check revealed that Appellant
had outstanding city warrants. As part of the arrest procedure, he patted
Appellant down; the pat down did not reveal anything unusual.
Officer Ozuna transported Appellant to the
Wichita County jail. At trial, Officer Ozuna testified that while Appellant was
in the back seat of the patrol car, Appellant appeared to be "trying to get
something out of his pants." During the booking process, Officer Ozuna saw
Officer Randolph Hipple put his hand into Appellant's right front pants pocket
and withdraw something in a clear plastic bag that contained a white, rock-like
substance. Officer Ozuna performed a field test on the substance, and it field
tested positive for cocaine. Officer Ozuna stated that after he took the cocaine
from Appellent he placed it in an evidence locker. Officer Ozuna also proved up
State's exhibits two and three, the property slip for the cocaine and the
plastic bag.
On cross-examination, Officer Ozuna said
that he did not write Appellant a traffic ticket, that he did not videotape the
arrest, that Appellant did not resist arrest, that he searched Appellant for
contraband, and that he found no contraband on Appellant until the booking
search.
Officer Hipple also testified for the
State. Officer Hipple testified that he was working in the early morning hours
of February 24, 2001, and that he remembered seizing a substance from one of the
people he booked that evening, but he could not say with certainty whether
Appellant was that person. On cross-examination, Officer Hipple said it was
possible that if two people were being booked in simultaneously at the booking
area, items of their personal property could be co-mingled. He also said that on
a busy evening like the weekend night of Appellant's arrest, it was likely that
approximately forty people were booked into the jail.
Sufficiency of the
Evidence
In his first issue, Appellant contends
that the evidence was factually insufficient to establish his guilt. We
disagree.
In reviewing the factual sufficiency of
the evidence to support a conviction, we are to view all the evidence in a
neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996). Evidence is factually insufficient if it is so weak as to be
clearly wrong and manifestly unjust or the adverse finding is against the great
weight and preponderance of the available evidence. Johnson, 23 S.W.3d
at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary
proof. Id. In performing this review, we are to give due deference to
the fact finder's determinations. Id. at 8-9; Clewis, 922
S.W.2d at 136. Consequently, we may find the evidence factually insufficient
only where necessary to prevent manifest injustice. Johnson, 23 S.W.3d
at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
In our review, we consider the most
important evidence that the appellant claims undermines the jury's verdict. Sims
v. State, No. 1328-1, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim.
App. Mar. 12, 2003). Here, Appellant indicates that the following testimony is
the most important evidence of factual insufficiency: Officer Hipple assumed
that he booked in Appellant, but he could not recall having done so; he could
not remember Appellant; and he admitted that the confusion of property ownership
was a possibility.
Although Officer Hipple could not recall
Appellant and admitted the possibility that property could have been confused
during the booking process, "[t]estimony that something could have
occurred amounts to no evidence." Jeffley v. State, 938 S.W.2d
514, 516 (Tex. App.--Texarkana 1997, no pet.). Officer Hipple did not testify
that comingling had in fact occurred. Regardless of Officer Hipple's failure to
remember Appellant, Officer Ozuna provided eye-witness testimony of the events
that occurred. Officer Ozuna saw Appellant trying to remove something from his
pants pocket while in the squad car, and saw Officer Hipple remove a white,
rock-like substance from Appellant's pants pocket during the booking process,
which field tested positive for cocaine. Officer Ozuna placed the cocaine and
the plastic bag in an evidence locker.
In addition to this testimony, Bob Wheeler
of the Field Crime Laboratory in Midland, Texas, testified that he conducted a
chemical analysis on the substance found in Appellant's pocket and the substance
was proved to be cocaine. We hold that the proof of Appellant's guilt is not so
weak as to undermine confidence in the verdict and is not greatly outweighed by
contrary proof. Johnson, 23 S.W.3d at 11. We hold that the evidence is
factually sufficient to support the jury's verdict and, accordingly, we overrule
Appellant's first issue.
Ineffective Assistance of
Counsel
After hearing all of the evidence, the
jury deliberated for forty-seven minutes before returning its guilty verdict.
The punishment phase of trial immediately followed. Appellant pled true to the
enhancement paragraph of the indictment, which accused Appellant of two prior
felony convictions. The State called several witnesses, one of whom, Officer
Mickey Fincannon, testified as to a prior unadjudicated offense of Appellant.
In his second issue, Appellant argues that
his trial counsel's performance was ineffective at the punishment phase of
trial. Specifically, Appellant argues that counsel's failure to object to
Officer Fincannon's testimony, despite a motion in limine, and counsel's failure
to take Officer Fincannon on voir dire constitute ineffective assistance.
Appellant argues that harm is shown in the jury's speedy verdict and the
severity of his sentence. As a subissue, Appellant contends that the extraneous
offense was not proven beyond a reasonable doubt. See Tex. Code Crim.
Proc. Ann. art. 37.07(a)(1) (Vernon Supp. 2003).
Officer Fincannon testified that on
January 31, 2002, he stopped Appellant for a traffic violation. When the windows
of the car went down, Officer Fincannon smelled the strong odor of marijuana.
Officer Fincannon testified that he knew Appellant, had known him to carry
weapons, and wanted to make sure Appellant did not have a weapon easily
accessible at that moment, so he initiated a pat down of Appellant. When he
first looked in Appellant's car, he did not see a weapon. Officer Fincannon
allowed Appellant to sit in his car while the officer went back to his squad car
to take care of administrative matters. When Officer Fincannon re-approached
Appellant, he noticed Appellant hiding something in his right hand. After
Officer Fincannon ordered Appellant several times to put his hand where the
officer could see it, Appellant moved his hand and Officer Fincannon saw a
plastic bag in it. Officer Fincannon, a former narcotics officer, said that this
was a common way to carry a narcotic. Officer Fincannon told Appellant to give
him what was in his hand. When Appellant failed to do so, Officer Fincannon
reached for Appellant's arm, and Appellant stuck the plastic bag in his mouth
and began chewing on it and trying to swallow it. Officer Fincannon forced
Appellant to spit out the bag. After Officer Fincannon arrested Appellant, the
officer conducted a closer search of the car and found a pistol. The substance
in the bag field tested positive for cocaine. At trial, Officer Fincannon
identified Appellant as the person he had stopped that day.
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, Appellant must show that his counsel's
performance was deficient; second, Appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation and the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id. at
687, 104 S. Ct. at 2064. In other words, Appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding whose result is being
challenged. Id. at 697, 104 S. Ct. at 2070.
Article 37.07, section 3(a) permits the
admission of evidence of unadjudicated extraneous offenses at punishment
hearings.(2)
See id.; Minor v. State,
91 S.W.3d 824, 830 (Tex. App.--Fort Worth 2002, pet. filed). Appellant argues
that counsel was ineffective because he failed to object to Officer Fincannon's
testimony despite a motion in limine as to such testimony. Appellant does not
point us to evidence in the record, however, that a motion in limine was in
effect, and our review of the record does not show that one was in effect.
Because evidence of unadjudicated offenses is admissible at the punishment
phase, and no motion in limine was in effect, counsel's not objecting to such
evidence is not unreasonable. See Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1).
Appellant further argues that counsel was
ineffective by failing to take Officer Fincannon on voir dire. If counsel's
reasons for his conduct do not appear in the record and there is at least the
possibility that the conduct could have been legitimate trial strategy, we defer
to counsel's decisions and deny relief on an ineffective assistance claim on
direct appeal. Ortiz v. State, 93 S.W.3d 79, 89 (Tex. Crim. App. 2002).
Where the record is silent as to counsel's reasons for failing to object, the
appellant fails to rebut the presumption that counsel acted reasonably. Thompson,
9 S.W.3d at 814. Here, counsel's reasons for failing to object to the testimony
and his failure to take Officer Fincannon on voir dire do not appear in the
appellate record. Appellant, therefore, has not shown that counsel's assistance
was unreasonable under all the circumstances and prevailing professional norms
at the time of the alleged error. See Strickland, 466 U.S. at 688-89,
104 S. Ct. at 2065. Appellant has not met the first prong of Strickland;
accordingly, we overrule Appellant's ineffective assistance claim.
In addition, we hold that the evidence was
sufficient to prove beyond a reasonable doubt that Appellant committed the
unadjudicated offense. Without providing any argument or record citation,
Appellant argues that no evidence existed that he was aware of the presence of
the pistol. The record reflects that Appellant was the driver of the car. The
only other person in the car was a three-year-old child. The pistol was
"sticking right up under the driver's side console." The pistol was
positioned in such a manner as to allow the driver easy access to it. Based on
this testimony, the evidence was sufficient to show Appellant's knowledge of the
presence of the pistol. See Hazel v. State, 534 S.W.2d 698, 703 (Tex.
Crim. App. 1976) (holding that the evidence was sufficient to show that
defendant intentionally, knowingly, or recklessly carried a handgun when the gun
was found under defendant's feet, in open view, in an automobile in which he was
the only occupant). We overrule this portion of Appellant's second issue.
We affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL A: HOLMAN, J.; CAYCE, C.J. and DAY,
J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 24, 2003

1.  See Tex. R. App. P. 47.4.
2.  Article 37.07, section (3)(a)(1) reads, in part,
as follows:

 Regardless of the plea and whether the
 punishment be assessed by the judge or the jury, evidence may be offered by
 the state and the defendant as to any matter the court deems relevant to
 sentencing, including . . . any other evidence of an extraneous crime or bad
 act that is shown beyond a reasonable doubt by evidence to have been committed
 by the defendant or for which he could be held criminally responsible,
 regardless of whether he has previously been charged with or finally convicted
 of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, §
3(a)(1).