COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-03-109-CR


LEONARD EARL ROBERSON                                                   APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------
        Leonard Earl Roberson appeals from his conviction for attempted murder. 
In two points, he complains that the evidence is legally and factually insufficient
to support his conviction and that the trial court erred by failing to include his
requested instructions in the jury charge. We affirm.
FACTS
        Officer Leonard Clemens worked as a patrol officer for the Carrollton
Police Department until May 14, 2002. On April 13, 2002, Officer Clemens
responded to a dispatch to the Woodlake Apartments at 5:25 p.m. The call
came from apartment number 148, and the caller complained of a suspicious
person at the apartments. When he arrived, Officer Clemens saw sunglasses
lying on the grass in front of the apartment. The door to number 147 was
open, the door frame was split, and a piece of molding lay across the entryway. 
Officer Clemens could hear a male voice yelling and cursing angrily from inside
apartment 147. 
        When Officer Clemens looked inside the apartment, he saw a black male
wearing a blue short-sleeved shirt, who was later identified as appellant. The
officer noticed a bone-handled hunting knife in the rear pocket of appellant’s
jeans. Officer Clemens testified that he saw appellant kicking a black female,
who was curled up in a fetal position, lying on her right side on the floor,
unmoving. The police later identified the victim as Alberta Williams and learned
that Williams and appellant had been romantically involved and had lived
together in the apartment for approximately four to five months. 
        As Officer Clemens stepped through the doorway into the apartment, he
saw appellant, using the back of a chair for leverage, lift his right foot up so
that he could bring all of his weight down onto Williams’s head. As appellant
did this, Officer Clemens heard him scream, “I will kill you, bitch.” After
appellant brought his foot down once on Williams’s head, Officer Clemens
yelled, “Police. Stop.” After he had completed the kick, appellant complied,
and Officer Clemens arrested him.
        While Officer Clemens waited for the ambulance and backup to arrive, he 
tended to Williams, who was unconscious. He saw a contusion or an abrasion
on her left cheek and swelling around her left eye. After approximately three
minutes, Williams started to sit up. Her eyes fluttered, and she did not know
what was going on. She moaned and passed out again. After a few minutes,
the backup officer and medics arrived. 
        Williams, the complainant, also testified at trial. According to her, she
had been to the grocery store, and when she returned home, appellant was
angry and confronted her about an ex-boyfriend who had called while she was
gone. Williams stated that appellant started an argument with her outside the
front door of the apartment, slapped her, and knocked her sunglasses off. 
Williams testified that she and her son went across the street to the park and
waited for appellant to leave. When he did, they went into the apartment,
locked the door, and went into the bedroom. From there, she heard the front
door being forced open. She came out and got into a shoving match with
appellant. He hit her in the face, causing her to fall to the floor and lose
consciousness. When she woke up, the front part and right side of her head
hurt, and she could feel the swelling of her eyes. 
        In his videotaped interview, appellant stated that he did not intend to
murder Williams and that the incident was only family violence. He denied
knocking the sunglasses off Williams’s face and claimed that she had slapped
him in the face and run into the apartment because she was angry that he had
answered the phone when her ex-boyfriend called. According to appellant,
Williams was in the living room when he reentered the apartment. There, he
grabbed her and slammed her down on the floor because she had slapped him. 
He also said that he threw her on the floor in order to turn her over so that she
would stop fighting him. Near the end of the interview, appellant gave Officer
Clemens a written statement that said:
I was outside [and] my old lady came outside [and] hit me [and] we
started fighting. I [put] her down [and] then the [officers] came
[and] took me to [where I ‘m] at now but it’s nothing more [than]
just a family fight. [And] I was not trying to do anything to anybody
that would cause something as big as this.

        The State charged appellant with attempted murder. The State included
two enhancement paragraphs in the indictment, alleging that appellant had been
convicted for the felony offense of burglary of a habitation in 1992 and the
felony offense of robbery in 1998. Appellant pled not guilty to the charge and
not true to the enhancements. The jury found him guilty of the charged offense
and found the enhancements true. The jury sentenced him to sixty years’
confinement. Appellant filed a timely notice of appeal. 
LEGAL AND FACTUAL INSUFFICIENCY
        In appellant’s first point, he argues that the evidence is legally and
factually insufficient to support the jury’s verdict of guilt and his conviction for
attempted murder. Specifically, he contends that the physical evidence
presented at trial only supports a class A misdemeanor assault offense, not
attempted murder. 
Legal Sufficiency Standard of Review
        In reviewing the legal sufficiency of the evidence to support a conviction,
we view all the evidence in the light most favorable to the verdict in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate
facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When performing a legal
sufficiency review, we may not sit as a thirteenth juror, re-evaluating the
weight and credibility of the evidence and, thus, substituting our judgment for
that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim.
App. 1999), cert. denied, 529 U.S. 1131 (2000). In determining the legal
sufficiency of the evidence to show appellant's intent, and faced with a record
that supports conflicting inferences, we “must presume — even if it does not
affirmatively appear in the record — that the trier of fact resolved any such
conflict in favor of the prosecution, and must defer to that resolution.” Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). 
Factual Sufficiency Standard of Review
        In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v.
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is
factually insufficient if it is so weak as to be clearly wrong and manifestly
unjust or the adverse finding is against the great weight and preponderance of
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must
determine whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the verdict, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Id. In performing this
review, we are to give due deference to the fact finder’s determinations. Id. at
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that
of the fact finder’s. Johnson, 23 S.W.3d at 12. 
        To make a determination of factual insufficiency, a complete and detailed
examination of all the relevant evidence is required. Johnson, 23 S.W.3d at
12. A proper factual sufficiency review must include a discussion of the most
important and relevant evidence that supports the appellant’s complaint on
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). DISCUSSION
        The Texas Penal Code dictates that a person commits a criminal attempt
if: "with specific intent to commit an offense, he does an act amounting to
more than mere preparation that tends but fails to effect the commission of the
offense intended." Tex. Penal Code Ann. § 15.01(a) (Vernon 2003). A person
commits murder if he:
(1) intentionally or knowingly causes the death of an
individual;
 
(2) intends to cause serious bodily injury and commits an act
clearly dangerous to human life that causes the death of an
individual; or
 
(3) commits or attempts to commit a felony, other than
manslaughter, and in the course of and in furtherance of the
commission or attempt, or in immediate flight from the commission
or attempt, he commits or attempts to commit an act clearly
dangerous to human life that causes the death of an individual.

Id. § 19.02(b) (Vernon 2003). Only murder under penal code section
19.02(b)(1) requires a specific intent to kill. Id. § 19.02(b)(1); Flanagan v.
State, 675 S.W.2d 734, 741 (Tex. Crim. App. 1982) (op. on reh'g). Criminal
attempt under section 15.01 requires the intent to commit the offense
attempted. Tex. Penal Code Ann. § 15.01(a). Thus, a specific intent to kill is
a necessary element of attempted murder. Flanagan, 675 S.W.2d at 741. 
Therefore, the following are the elements of attempted murder: 1) a person,
2) with the specific intent to cause the death of another, 3) does an act
amounting to more than mere preparation, 4) but fails to effect the death of the
other individual. Tex. Penal Code Ann. §§ 15.01(a); 19.02(b); Jeffley v. State,
938 S.W.2d 514, 517 (Tex. App.—Texarkana 1997, no pet.); Palomo v. State,
925 S.W.2d 329, 332 (Tex. App.—Corpus Christi 1996, no pet.). 
        Appellant argues that the physical evidence does not support the charge
of attempted murder. He contends that the lack of blood and damage to
Williams’s face indicates that appellant assaulted Williams, but did not attempt
to murder her. However, we note that the State was not required to prove
severe bodily injury as an element of attempted murder. See Tex. Penal Code
Ann. §§ 15.01(a); 19.02(b)(2). 
        Appellant argues that the charge of attempted murder, based upon the
facts of the case, is an oppressive and vindictive exercise of the State’s power
because there is insufficient evidence to support the conviction. He contends
that the proper charge would have been a class A misdemeanor assault instead
of attempted murder. Appellant ignores, however, that the trial court included
in its charge to the jury the lesser included offenses of attempted aggravated
assault and assault. [1] Accordingly, the jury had the opportunity to find
appellant not guilty of attempted murder and guilty of a lesser offense if it
found that the evidence did not support the attempted murder charge. 
However, here, the jury found that the State proved the requisite elements of
attempted murder beyond a reasonable doubt.
        The trier of fact is the sole judge of the credibility of witnesses and the
weight given to their testimony. Bonham v. State, 680 S.W.2d 815, 819 (Tex.
Crim. App. 1984). The trier of fact may believe or disbelieve all or any part of
a witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986). The trier of fact has the responsibility to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.
        Here, appellant admitted to grabbing Williams, knocking her down on the
floor, and using his foot on her body. The State presented evidence that
appellant stomped on the left side of Williams’s head with his foot, using a
chair for leverage. As evidenced by medical records and witness testimony,
appellant’s attack on Williams was severe enough to cause loss of
consciousness, abrasions, hematomas, contusions, swollen eyes, and head
pain. The State offered Officer Clemens’s testimony to prove the culpable
mental state of attempted murder and he testified that as appellant stood over
Williams’s body, he screamed, “I will kill you, bitch.” Although appellant
contended in his videotaped interview that he had not intended to kill Williams
and had only been attempting to roll her over with his foot, from this evidence,
the jury could have reasonably found that Officer Clemens’s and Williams’s
versions of the attack were more credible. 
        Thus, we hold that the evidence is legally and factually sufficient to
support appellant’s conviction. Appellant’s first point is overruled.
JURY CHARGE ERROR
        In his second point, appellant argues that the trial court erred at the
guilt/innocence phase of trial by failing to include requested instructions in its
jury charge for attempted murder on the definition of “intent to kill” and the
previous relationship of the parties. Appellate review of error in a jury charge
involves a two-step process. Abdnor v. State, 871 S.W.2d 726, 731 (Tex.
Crim. App. 1994). Initially, we must determine whether error occurred. If so,
we must then evaluate whether sufficient harm resulted from the error to
require reversal. Id. at 731-32. Error in the charge, if timely objected to in the
trial court, requires reversal if the error was “calculated to injure [the] rights of
the defendant,” which means no more than that there must be some harm to
the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon
1981); see also Abdnor, 871 S.W.2d at 731-32; Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). In other words, a
properly preserved error will call for reversal as long as the error is not
harmless. Almanza, 686 S.W.2d at 171. In making this determination, “the
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.” Id.; see also Ovalle v. State, 13 S.W.3d
774, 786 (Tex. Crim. App. 2000). Because appellant preserved error on this
point, we must determine whether the trial court’s omission of appellant’s
requested instructions constitutes error. See Benge v. State, 94 S.W.3d 31,
37 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).
 
        The jury charge reads in pertinent part:
Now if you find from the evidence beyond a reasonable doubt that
on or about the 13th day of April, 2002, in Denton County, Texas,
the defendant, LEONARD EARL ROBERSON, did, with the intent to
commit the murder of Alberta Williams, do an act, to-wit: kick the
head of Alberta Williams, which amounted to more than mere
preparation that tended but failed in the commission of the offense
intended, then you will find the defendant guilty of attempted
murder, as charged in the indictment. 

Appellant requested that the trial court include the following language in the
application clause for attempted murder:
Now if you find from the evidence beyond a reasonable doubt that
on or about the day of the offense in Denton County, Texas, the
Defendant, his name, did, with specific intent to commit the
offense of murder of an individual, the victim's name, attempt to
cause the death of the victim by intentionally or knowingly kicking
the head of the victim, then you will find the Defendant guilty of
attempted murder as charged in the indictment. 

Appellant also requested that “intent to kill” be defined and requested the
inclusion of the following language in the jury charge: 
You are instructed that the intent to kill is an essential element of
the offense of attempt to commit murder, and unless you find from
the evidence beyond a reasonable doubt that at the time the
Defendant hit the head of the victim, the victim's name, as he did,
the Defendant had the specific intent then and there to cause the
death of the victim, the victim's name, or if you have a reasonable
doubt as to whether he had the specific intent to do so, to cause
the death of the said victim, Alberta Williams, you cannot convict
the Defendant of attempt to commit murder. In such an event of
a reasonable doubt thereof, you will acquit the Defendant of
attempt to commit murder. 
 
        Appellant argues that omission of the above requested instructions was
error on the part of the trial court because as given, the jury charge was an
incomplete instruction on the law of attempted murder. Specifically, appellant
contends that the definition of “intent to kill” is an essential element of
attempted murder and should have been included in the charge. The following
are the elements of attempted murder: 1) a person, 2) with the specific intent
to cause the death of another, 3) does an act amounting to more than mere
preparation, 4) but fails to effect the death of the other individual. See Tex.
Penal Code Ann. §§ 15.01(a); 19.02(b); Jeffley, 938 S.W.2d at 517; Palomo,
925 S.W.2d at 332.
        The charge given to the jury did not expressly include the words “attempt
to cause the death” of Williams. However, the word “attempt” was not
required because the entire paragraph is a description of the elements of
“attempt.” [2] The language “with the intent to commit the murder of Alberta
Williams” was sufficient to satisfy the requirement that the charge include the
culpable mental state of the attempted felony. See, e.g., Ex parte Bartmess,
739 S.W.2d 51, 53 (Tex. Crim. App. 1987) (holding under section 19.02(a)(1),
specific intent required as an element of section 15.01 is the intent to cause
the death of an individual). Additionally, we find no error in the omission of the
mental state “knowingly” because to act “knowingly” is a lower degree of
mental culpability than “intent.” See Tex. Penal Code Ann. § 6.02 (Vernon
2003).
        With respect to the omission of the explicit definition of “intent to kill” we
also conclude there was no error. Here, the application paragraph on attempted
murder properly required the jury to find that appellant had the requisite intent
to kill or murder Williams in order to find him guilty of attempted murder. Thus,
appellant’s requested definition charge on intent to kill was unnecessary, and
the trial court properly refused to include it. 
        Lastly, appellant requested that the trial court include an instruction
taking into consideration the appellant’s relationship with Williams:
You are instructed that you may consider facts and circumstances
surrounding the alleged attempted killing, if any, and the previous
relationship existing between the accused and Alberta Williams,
together with all relevant facts and circumstances going to show
the condition of the mind of the accused at the time of the offense,
if any. 

This instruction tracks the language of the Texas Code of Criminal Procedure
article 38.36. Tex. Code Crim. Proc. Ann. art 38.36(a) (Vernon Supp. 2004). 
Article 38.36 permits parties to introduce evidence of all relevant facts and
circumstances surrounding the killing in a murder case. Id. Although it is
permissible to give an instruction based upon article 38.36, it is not mandatory. 
Richardson v. State, 906 S.W.2d 646, 649 (Tex. App.—Fort Worth 1995, pet.
ref’d). Therefore, the trial court did not err by denying the requested
instruction. We overrule appellant’s second point.
CONCLUSION
        Having overruled all of appellant’s points, we affirm the trial court’s
judgment.
 
                                                                  TERRIE LIVINGSTON
                                                                  JUSTICE
 
PANEL F:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

PUBLISH

DELIVERED: May 20, 2004
 
NOTES
1. A person commits assault if he “intentionally, knowingly, or recklessly
causes bodily injury to another, including the person's spouse.” Tex. Penal
Code Ann. § 22.01(a)(1) (Vernon Supp. 2004). The offense of assault also
includes intentionally threatening imminent bodily injury or causing offensive or
provocative physical contact with another person. Id. § 22.01(a)(2), (3). A
person commits aggravated assault if he commits the elements of assault as
defined in section 22.01 and the person “causes serious bodily injury to
another, including the person's spouse,” or “uses or exhibits a deadly weapon
during the commission of the assault.” Id. § 22.02(a)(1), (2).
2. The section on criminal attempt in the penal code dictates that “[a] person
commits an offense if, with specific intent to commit an offense, he does an
act amounting to more than mere preparation that tends but fails to effect the
commission of the offense intended.” Tex. Penal Code Ann. § 15.01(a).